OPINION
Defendant Joseph Altman appeals the May 1, 2000 judgment of the Municipal Court of Van Wert County finding him to be in violation of R.C. 519.23 and Washington Township Zoning Resolution Article 7.1(C).
On November 29, 1999, the Van Wert County Zoning Inspector filed a complaint in the municipal court of Van Wert, alleging that the defendant:
 did use his building and land known as a portion of Subdivision 110 in the City of Delphos and located in Washington Township, Van Wert County, Ohio, in violation of the Zoning Resolution of Washington Township, Van Wert County, Ohio, to-wit: did operate and maintain a "dump" and "junk yard" in an area not zoned for the same in violation of Article 7.1(C)(1)[](2) of said Zoning Resolution.
 The case came for a trial to the court in on January 6, 2000, and at the conclusion of trial the court ordered the parties to submit briefs on the legal issues involved in the case.
On May 1, 2000, the trial court issued a judgment finding the defendant in violation of Article 7.1 and R.C. 519.23. The court concluded that the Zoning Resolution defined a "Junk Yard" as commercial location, and that because the State had presented no evidence that defendant's property was being used commercially, the defendant could not be found to be operating a "Junk Yard." However, the trial court also held that that the Resolution did not define a "dump," and looking to the plain meaning of the word, the court concluded that a "dump" was not necessarily commercial in nature.
 The Court's inquiry does not stop as the Defendant is also charged with maintaining a "dump" which does not require a determination of "commercial activity." It is true that a Zoning Code cannot so intrude into an individual's property rights to specify subjective standards such as "neatness" or "tidiness" [,] but it can regulate where those action[s] are so extreme as to present by their totality a health or safety hazard. * * * * The photographic evidence presented demonstrates on the specified dates, beyond a reasonable doubt, that a dump exists on the Defendant[`s] property.
 Judgment Entry, at *3. Defendant now appeals, and asserts a single assignment of error with the trial court's judgment.
 The judgment ruling the Defendant-Appellant's property to be a "dump" is contrary to Ohio law regarding such a classification.
 We begin our analysis of defendant's claim by noting that he has not argued that his conviction was against the manifest weight of the evidence. Nor has he argued that the Zoning Resolution at issue is overbroad, vague, or otherwise beyond the power of the Township to enact. Rather, his sole argument is that he was convicted on insufficient evidence, as he argues that Ohio law defines a "dump" as a commercial location:
 Generally, a word not defined in the zoning regulations should be construed by its generally understood meaning. However, the term "dump" has been used interchangeably with the term "landfill." * * * * While EPA regulations do not affirmatively state that a landfill must be a commercial activity, the fact that the term landfill is a non-conforming use for a residential or agricultural district by process of elimination would classify such use as a "commercial activity." A dump is synonymous with a landfill and therefore must also be a "commercial activity."
 Brief of Appellant, at *6. Defendant argues that the Ohio Administrative Code, which defines a "landfill" as "a disposal facility * * * where hazardous waste is placed in or on land" necessarily implies a commercial purpose. O.A.C. Sec. 3745-50-10(A)(59). In response, the State notes that the dictionary definition of the word "dump" does not mention or require commercial activity, and also notes that the word "dumping" is used in multiple Ohio Revised Code sections that do not seem to require a showing of commercial activity.
The relevant section of the Washington Township Zoning Resolution states:
 For the purpose of promoting the public health, safety, and morals of the residents of Washington Township, and due to the rural nature, character and atmosphere, and because the overwhelming majority of land in Washington Township is considered prime agricultural cropland by definition of the Soil Conservation Service, the following uses are considered not conducive, and are thereby prohibited [:] 1. Landfills and Dumps[;] 2. Junk Yards * * *.
 Wash. Twp. Zoning Res. Art. 7(C)(1) (2). While defendant has correctly observed that the words "dump" and "landfill" are often used interchangeably, we are not persuaded that either one is "commercial" by definition. We note that defendant has not cited any authority compelling such a definition for either
term. Moreover, we believe that the plain language of the Zoning Resolution, which discusses "landfills and dumps," makes a clear distinction between the two terms, indicating that they were intended to refer to different types of land use. Finally, we note that Wash. Twp. Zoning Res. Art. 7.1(C)(6) forbids "any use, which may be obnoxious, offensive or detrimental to the neighborhood by reason of the emission of odor, dust, gas, smoke, vibration, or noise." (Emphasis added). Clearly, other subsections of the very same Zoning regulation affect both commercial and noncommercial uses. We therefore believe that the trial court correctly concluded that the word "dump" as used in the Washington Township Zoning Resolution "does not require a determination of `commercial activity.'
For these reasons, defendant's sole assignment of error is overruled. The judgment of the Municipal Court of Van Wert County is affirmed.
HADLEY, P.J., and WALTERS, J., concur.